UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD ALLAN CASE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MAGGIE MILLER-STOUT, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO. C12-0187-MJP-MAT <br><br> ORDER RE: PENDING MOTIONS |

Petitioner Richard Allan Case proceeds *pro se* in this habeas corpus matter pursuant to 28 U.S.C. § 2254. The Court now considers Petitioner's Motion for Relief from Deadline; a More Definite Statement & to Strike (Dkt. 17), and his Motion to Expand the Record (Dkt. 19). Having considered the motions, along with the balance of the record, the Court does hereby find and ORDER as follows:

(1) Petitioner's request for a more definite statement (Dkt. 17) is DENIED. As argued by respondent, the answer sufficiently addressed the entire petition filed by petitioner.

(2) Petitioner's request to strike the answer (Dkt. 17) is DENIED. Petitioner's

ORDER RE: PENDING MOTIONS
PAGE -1

assertion as to the inadmissibility of the state court record provided by respondent lacks merit. Respondent complied with Rule 5 of the Rules Governing 2254 Cases by providing copies of the briefs, opinions, and dispositive orders in the state court files relating to petitioner's state court proceedings, and by identifying the existence of trial transcripts available for submission to the Court.  The fact that one folder of documents was not included in the record provided does not render the remainder of the file inadmissible.  Respondent explained in the answer and the response to petitioner's motion that the state court was unable to locate the folder, and appropriately supplied a copy of the state court's docket for the cause number in question and some of the documents that would have existed in the file folder, as obtained from other court files.

(3)   Petitioner's request to expand the record (Dkt. 19) is DENIED.  As stated above, the Court finds the record provided by respondent sufficient for consideration of petitioner's habeas petition.  Contrary to petitioner's contention, a state court record submitted pursuant to Rule 5 need not be "certified" or "authenticated."  *See* Rule 5 of the Rules Governing 2254 Cases.  As addressed in detail in the response to petitioner's motion (*see* Dkt. 20 at 4-6), the rules and statutory provisions cited by petitioner to support his contention on this point are inapposite.  Nor does the Court, at this juncture, otherwise find any basis for expansion of the record in this matter.  Respondent argues in the answer that this matter is untimely under the federal statute of limitations.  To the extent petitioner can identify documents demonstrating the timeliness of his petition, he should do so in his response to the answer.

(4)   Petitioner's unopposed request for an extension of time to file a response to

ORDER RE: PENDING MOTIONS
PAGE -2

respondent's answer (Dkt. 17) is GRANTED. Petitioner may file a response on or before **September 10, 2012**, and respondent may submit a reply on or before **September 14, 2012**. Respondent's answer is hereby re-noted for consideration on **September 14, 2012**.

(5) For the reasons stated above, Petitioner's Motion for Relief from Deadline; a More Definite Statement & to Strike (Dkt. 17) is GRANTED in part and DENIED in part, and his Motion to Expand the Record (Dkt. 19) is DENIED. The Clerk shall direct copies of this Order to the parties and to the Honorable Marsha J. Pechman.

DATED this 9th day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge