1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   RICHARD ALLAN CASE,                    CASE NO. C12-187 MJP-MAT

11              Petitioner,                 ORDER ON REPORT AND
                                            RECOMMENDATION
12        v.

13   MAGGIE MILLER-STOUT,

14              Respondent.

15

16       The Court, having reviewed the Magistrate Judge's Report and Recommendation (Dkt.

17   No. 26), Petitioner's Objection to Magistrate's Report and Recommendation (Dkt. No. 33) and

18   all attached declarations and evidence, makes the following ruling:

19       IT IS ORDERED that the Report and Recommendation is ADOPTED, and Petitioner's

20   request for a preliminary injunction preventing his transfer to another facility is DENIED.

21       IT IS FURTHER ORDERED that Petitioner's request for a phone number with which to

22   communicate with the Court is DENIED.

23

24

**Discussion**

Petitioner, an inmate incarcerated at the Airway Heights Corrections Center, seeks a preliminary injunction preventing his transfer to another Washington State facility. The request is improper and non-meritorious on a number of grounds.

First, Petitioner seeks to challenge the conditions under which he is being held (or speculates that he will be held), which is more properly brought pursuant to 42 U.S.C. § 1983. His pending habeas petition is designed solely to review the legality or duration of his confinement and is not the proper vehicle to contest a transfer between prisons. *See* Pischke v. Litscher, 178 F.3d 497, 499 (7th Cir. 1999)(habeas petition improper means to challenge transfer between prisons).

Second, even assuming for the sake of argument that Petitioner is entitled to injunctive relief in a pending habeas action, he has failed to satisfy the requisite elements for the granting of such relief. He first argues, without citation to legal authority, that injunctive relief to prevent a transfer between prisons should not be subject to the traditional test for the granting of such relief. Objections, p. 4. The argument has neither logical nor intuitive appeal nor, as mentioned, any legal support.

Petitioner next contends that he has satisfied the four elements necessary to prevail in a preliminary injunction matter.[1] The Court remains unconvinced. His unsupported, speculative allegation that he will be transferred to another facility does not rise to the level of "irreparable injury." *See* Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988)("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

---

[1] "A preliminary injunction is proper if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." M.R. v. Dreyfus, 663 F.3d 1100, 1108 (9th Cir. 2011)(citing Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011)).

plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")  Petitioner has provided no proof that his transfer is imminent, and thus fails to establish a likelihood of irreparable injury.  Nor does he have a constitutional right to incarceration in a particular prison (Meacham v. Fano, 427 U.S. 215, 224-25 (1976)), further invalidating his argument that the speculative transfer creates an irreparable harm.

Petitioner's citation of Federal Rule of Appellate Procedure (FRAP) 23(a) avails him nothing, as the statute was not intended to cover his circumstances.  FRAP 23 prohibits the custodial transfer of an inmate pending review of a decision in a habeas proceeding unless it is made by order of the court which made the decision.  There has been no decision rendered in Petitioner's habeas matter, therefore the statute is inapplicable.  Petitioner argues that his "application for a writ of habeas corpus, under the plain language of FRAP 23(a), is a 'pending review of a decision [to grant or deny] in a habeas corpus proceeding,'" but he cites no authority to support that interpretation and the Court simply disagrees with him that his current circumstances fall within the ambit of the rule.

Furthermore, the statute is intended to prevent removal of affected inmates from the territorial jurisdiction of the court in which the habeas petition is pending (*see* Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981)) – a transfer to another Washington State prison would not contravene this statute even if it was applicable to Petitioner.

Petitioner fares no better in his argument that he is likely to prevail on the merits of his case or that there are "serious questions going to the merits" of his underlying claims.  Petitioner wrongly assumes that, because Respondent has not yet responded substantively to the merits of his habeas petition, he can establish his likelihood of success by merely alleging that his claims are uncontested.  Objections, p. 6. Petitioner has an affirmative burden to present the facts which

RECOMMENDATION- 3

1  support his probability of prevailing on the merits of his underlying claims, and he has failed to

2  do so. (His other argument on this element, relating to the merits of his claim that he is entitled to

3  access to a law library in order to litigate his claims, goes to the merits of the preliminary

4  injunction request itself and is irrelevant.)

5  **Conclusion**

6      The Court agrees with and adopts the Report and Recommendation filed herein.  Even if

7  Petitioner were entitled to injunctive relief in a pending habeas matter, he has failed to establish

8  the requisite elements which would entitle him to that relief.  His request for a preliminary

9  injunction is DENIED.

10      The Court further rules that, since Petitioner clearly has the means to communicate with

11  the Court commensurate with others of his status, his request for a phone number with which to

12  communicate with the Court is similarly non-meritorious and will also be DENIED.

14      The clerk is ordered to provide copies of this order to all counsel.

15      Dated this 7th day of January, 2013.

                    Marsha J. Pechman
                    United States District Judge