1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   RICHARD ALLAN CASE,                          CASE NO. C12-187MJP

11                          Petitioner,            ORDER ADOPTING REPORT AND
                                                   RECOMMENDATION WITH
12            v.                                   AMENDMENT

13   MAGGIE MILLER-STOUT,

14                          Respondent.

15

16          THE COURT, after careful consideration of the Report and Recommendation (Dkt. No.

17   47.), Petitioner's Objections (Dkt. No. 54.), and the remaining record ADOPTS Magistrate Judge

18   Mary Alice Theiler's Report and Recommendation with amendment and DISMISSES this case.

19                                      **Background**

20          Petitioner Richard Allan Case brings this suit under 28 U.S.C. § 2254 claiming the state

21   court did not provide him with adequate aid to prosecute a first appeal as an indigent criminal

22   defendant.  (Dkt. No. 1-1 at 15.)  He is in custody pursuant to a 2006 conviction for murder in

23   the second degree.  (Dkt. No. 4 at 1.)  King County Superior Court sentenced Petitioner to 180

24   months confinement and he is currently in custody at Airway Heights Corrections Center.  (Id.)

1    The Magistrate Judge addressed several of Petitioner's claims in the Report and

2    Recommendation.  (Dkt. No. 47.)  The Magistrate Judge found the counsel appointed for the

3    purpose of completing the record was effective and did not fall below an objective standard of

4    reasonableness.  (Id. at 10.)  The Magistrate Judge also found no due process violations existed

5    from the superior court's failure to rule on the 2009 post-conviction "Motion to Vacate Final

6    Void Judgment" ("2009 post-conviction motion") because Petitioner had no right to a collateral

7    attack on a final judgment, and the Magistrate Judge found Petitioner had no right to discovery in

8    a habeas petition.  (Dkt. No. 47 at 10, 11.)

9        Petitioner's objections to the Magistrate Judge's Report and Recommendation fall into

10   four categories: (1) ineffective assistance of counsel on direct appeal because the state court did

11   not appoint an attorney; (2) ineffective assistance of counsel for completing the record; (3) due

12   process violations because the superior court failed to rule on his 2009 post-conviction motion;

13   and (4) a request to be permitted to propound discovery to complete the record.  (Dkt. No. 54 at

14   14, 11, 18, 21.)

15       Petitioner's first claim focuses on whether the state court should have appointed an

16   attorney for his direct appeal.  (Id. at 14.)  Petitioner claims he was unaware that he had a right to

17   an attorney on his first direct appeal.  (Id.)  In Petitioner's second objection, he focuses on the

18   completion of the record and the ineffective assistance of counsel in completing the record.  (Id.

19   at 9.)  The state court appointed an attorney to complete the record, recognizing it was

20   improbable that Petitioner would be able to do so from jail.  (Dkt. No. 1-1 at 17.)  Petitioner took

21   issue with the appointed attorney's thoroughness, claiming several items were missing from the

22   record and the appointed attorney did not genuinely advocate for Petitioner.  (Dkt. No. 54 at 11.)

23   Petitioner also claims the record should be certified and signed in order to reflect the

24

1   completeness and accuracy of the record.  (Id. at 10.)  Petitioner's third objection argues he did

2   not have adequate access to the courts because of the state court's failure to rule on his 2009

3   post-conviction motion.  (Id. at 18.)  Petitioner finally objects to the Magistrate Judge's

4   recommendation this Court deny Petitioner's request for discovery.  (Id. at 21.)

5                                              **Discussion**

6   I.      Habeas standards

7           Federal habeas corpus relief is available only to a person "in custody in violation of the

8   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus

9   petition may be granted with respect to any claim adjudicated on the merits in state court only if

10  the state court's decision was contrary to or involved an unreasonable application of clearly

11  established federal law, as determined by the United States Supreme Court.  Id. at § (d)(1).  In

12  addition, a habeas corpus petition may be granted if the state court decision was based on an

13  unreasonable determination of the facts in light of the evidence presented in the state court

14  proceeding.  Id. at § (d)(2).

15          In considering a habeas petition, this Court's review "is limited to the record that was

16  before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 131 S. Ct.

17  1388, 1398-1400, 1415 (2011).  Also, if a habeas petitioner challenges the determination of a

18  factual issue by a state court, such determination shall be presumed correct, and the applicant has

19  the burden of rebutting the presumption of correctness with clear and convincing evidence.  28

20  U.S.C. § 2254(e)(1).

21  II.     Ineffective assistance of counsel

22          Petitioner clarifies in his Objections he is bringing a separate claim for ineffective

23  assistance of counsel with regard to his direct appeal.  (Dkt. No. 54 at 14.)  Petitioner did not

24

ORDER ADOPTING REPORT AND
RECOMMENDATION WITH AMENDMENT- 3

1    exhaust his remedies in state court before presenting them to this Court. "An application for a

2    writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

3    shall not be granted unless it appears that . . . the applicant has exhausted the remedies available

4    in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Washington law provides criminal

5    defendants a right to appeal. "The procedures used in deciding appeals must comport with the

6    demands of the Due Process and Equal Protection Clauses of the Constitution." Evitts v. Lucey,

7    469 U.S. 387, 393 (1985).

8            The Magistrate Judge did not address Petitioner's ineffective assistance of counsel claim

9    for Petitioner's direct appeal. The administrative record is silent as to whether Petitioner waived

10   his right to counsel. This Court will not address a claim first brought in a federal habeas petition

11   where Petitioner has not shown this issue was previously before the state court. Petitioner's

12   claim of ineffective assistance of counsel on direct appeal is not ripe for this Court to consider.

13       III.    Completeness of record

14           This Court adopts the Magistrate Judge's reasoning in the Report and Recommendation

15   regarding the completion of the record. The state appellate court appointed attorney Eric Nielsen

16   of Nielsen, Broman & Koch "for the limited purpose of preparing a record for appeal." (Dkt.

17   No. 47 at 2.) Petitioner takes issue with the Magistrate Judge's decision that Petitioner did not

18   meet his burden in showing that counsel's performance fell below an objective standard of

19   reasonableness. (Dkt. No. 54 at 9.)

20           Petitioner must show either appointed counsel's performance fell below an objective

21   standard of reasonableness, or that a reasonable probability exists that, but for counsel's error,

22   the result of the proceedings would have been different. Strickland v. Washington, 466 U.S.

23   668, 688 (1984). Petitioner's Objection takes issue with the completeness of the record. A court

24

1    cannot make available a trial transcript to those who can afford it, but deny transcripts to those

2    who are indigent.  Griffin v. Illinois, 351 U.S. 12, 18-20 (1956) (plurality opinion).  The record

3    on appeal must be "of sufficient completeness" to allow the indigent appellant "proper

4    consideration of his claims." Mayer v. Chicago, 404 U.S. 189, 194 (1971).  However, "[a]

5    'record of sufficient completeness' does not translate automatically into a complete verbatim

6    transcript." Id.  Alternatives suffice so long as "they place before the appellate court an

7    equivalent report of the events at trial from which the appellant's contentions arise." Id.

8          Petitioner argues counsel's performance fell below an objective standard of

9    reasonableness because he believes (1) the record is incomplete and (2) counsel was required to

10   obtain certified and verified records.  (Dkt. No. 54 at 10.)  Petitioner claims the record is

11   incomplete, yet still is unable to show what documents are missing that would substantially

12   affect his direct appeal.  (AR, Ex. 46 at 6.)  Counsel obtained seven volumes of records and over

13   3000 pages of clerk's papers.  (Id. at 10, 13.)  Despite numerous occasions in which Petitioner

14   was given time to list the specific items he needed, Petitioner failed to point to any gap in the

15   record.  (Id. at 6.)  The state appellate court noted the record was complete, but still gave

16   Petitioner the opportunity to provide the court a list of items that would be helpful for his appeal.

17   Petitioner never provided a list.  (Id.)  As the Magistrate Judge points out, "while petitioner

18   identifies his desire to review specific transcripts and documents (see, e.g., Dkt. 40 at 8 & Dkt.

19   44, Ex. A.), there is no basis for concluding those transcripts or documents are relevant to the

20   claims raised in this habeas petition; that is, to petitioner's claims regarding the resolution of his

21   direct appeal and a post-conviction motion." (Dkt. No. 47 at 12.)  Therefore, the record is

22   sufficiently complete for Petitioner's appeal.

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION WITH AMENDMENT- 5

1    Petitioner also argues the records provided should have been certified and signed by the

2    clerk, and claims "counsel's failure to secure certified record is ineffective assistance of appellate

3    counsel." (Dkt. No. 54 at 10.)  Petitioner claims his lack of counsel when the record was settled

4    violates due process because "counsel must be furnished at every critical stage of criminal

5    proceedings." (Id.)  Petitioner fails to cite any authority supporting his contention that the record

6    must be certified.  (Id.)  Petitioner does point to Cantrell v. State of Ala., a Fifth Circuit case that

7    determined Alabama law required certification of the record.  546 F.2d 652 (5th Cir. 1977).

8    Neither Washington nor this Court requires certification, and therefore, Cantrell has no bearing

9    on this Court.

10   IV.    2009 post-conviction motion

11   This Court adopts the Magistrate Judge's decision on Petitioner's claim that the state

12   court did not violate Petitioner's due process and equal protection rights by not ruling on his

13   2009 post-conviction motion.  Petitioner argues the failure of the superior court to rule on his

14   July 2009 post-conviction motion violated his constitutional rights to due process and equal

15   protection.  (Dkt. No. 1-1 at 20.)  Petitioner objects to the Magistrate Judge's conclusion that an

16   absence of ruling on a collateral attack in the state court is not a denial of access to the court

17   system, and he further argues the Magistrate Judge misrepresents the substance of his claim.

18   (Dkt. No. 54 at 17.)  Petitioner agrees with the Magistrate Judge that he does not have a right to

19   collaterally attack a final judgment but argues "[Petitioner] is being denied the due process right

20   to an adequate opportunity to present his federal constitutional claims fairly in the context of the

21   state's established postconviction procedure." (Id.)

22   There is no constitutional right to a collateral attack on a final judgment or conviction.

23   United States v. MacCollom, 426 U.S. 317, 323 (1976).  There is also no constitutional right to

24

ORDER ADOPTING REPORT AND
RECOMMENDATION WITH AMENDMENT- 6

1   the appointment of counsel in such proceedings.  <u>Murray v. Giarratano</u>, 492 U.S. 1, 7-10 (1989).

2   Further, "federal habeas relief is not available to redress alleged procedural errors in state post-

3   conviction proceedings."  <u>Ortiz v. Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998).  Petitioner does

4   not raise any new issues in his Objections regarding the state court's refusal to rule on his 2009

5   post-conviction motion.   Petitioner sets forth no basis for habeas relief on this matter.

6       V.      <u>Discovery</u>

7         Petitioner objects to the Magistrate Judge's decision that he has no right to discovery, yet

8   Petitioner still has not shown why he needs discovery.  (Dkt. No. 54 at 21.)  Habeas petitioners

9   do not have a right to discovery.  <u>Campbell v. Blodgett</u>, 982 F.2d 1356, 1358 (9th Cir. 1993)

10  (citing <u>Harris v. Nelson</u>, 394 U.S. 286, 296 (1969)).  Discovery is allowed pursuant to the

11  Court's discretion and only for good cause shown.  28 U.S.C. § 2254 Rule 6(a).  Absent a

12  showing of good cause, a court should deny a motion for leave to conduct discovery.  <u>Rich v.</u>

13  <u>Calderon</u>, 187 F.3d 1064, 1067-68 (9th Cir. 1999). <u>See also</u> <u>Calderon v. U.S. Dist. Court</u>, 98

14  F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery

15  for fishing expeditions to investigate mere speculation.").  Petitioner does not show good cause

16  for discovery, and it is unclear what items he seeks.  Because Petitioner does not have good

17  cause, this Court denies Petitioner's request for discovery.

18                      **Conclusion**

19        This Court ADOPTS Magistrate Judge Theiler's Report and Recommendation with

20  amendment in order to address Petitioner's claim of ineffective assistance of counsel on direct

21  appeal.  Petitioner's motion for discovery (Dkt. No. 40.) and his habeas petition (Dkt. No. 4.) is

22  DENIED, and this case is DISMISSED with prejudice.   Additionally, because petitioner has not

23  made "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the

24

1  Court concludes that he is not entitled to a certificate of appealability with respect to his claims.

2  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

3

4        The clerk is ordered to provide copies of this order to Petitioner and all counsel.

5        Dated this 12th day of August, 2013.

6

7

8                                        Marsha J. Pechman
9                                        Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION WITH AMENDMENT- 8