1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  RICHARD ALLAN CASE,                    CASE NO. C12-187 MJP

11                   Petitioner,           ORDER ON OBJECTIONS TO
                                           REPORT AND
12       v.                                RECOMMENDATION

13  MAGGIE MILLER-STOUT,

14                   Respondent.

15

16       The above-entitled Court, having received and reviewed:

17          1.  Report and Recommendation (Dkt. No. 73),

18          2.  Petitioner's Objections to Report and Recommendation (Dkt. No. 81),

19          3.  Petitioner's Motion for a New Trial (Dkt. No. 82),

20  and all relevant portions of the court record, rules as follows:

21       IT IS ORDERED that Petitioner's objections are accepted as properly filed, as his motion

22  to amend the judgment.

23       IT IS FURTHER ORDERED that, upon review of Petitioner's objections and motion to

24  amend judgment, the Report and Recommendation is again AFFIRMED and ADOPTED;

ORDER ON OBJECTIONS TO REPORT AND
RECOMMENDATION- 1

Petitioner's amended habeas corpus petition is DENIED without an evidentiary hearing and the matter is DISMISSED.

IT IS FURTHER ORDERED that, as Petitioner has not made "a substantial showing of the denial of a constitutional right[]" (28 U.S.C. § 2253(c)(2)), Petitioner is not entitled to a certificate of appealability.

**<u>Background</u>**

On August 12, 2014, the Honorable Magistrate Judge Mary Theiler entered a Report and Recommendation (R&R) on Petitioner's Petition for Writ of Habeas Corpus, rejecting all eight claims. (Dkt. No. 73.) The deadline for Petitioner to file objections to the R&R was September 2. (Dkt. No. 73.) On September 5, Petitioner filed a motion for extension of time to file objections. (Dkt. Nos. 74.) On September 29, the Court granted the motion for extension of time, amending the deadline for Petitioner to file objections to within 21 days of the date of the order. (Dkt. No. 77.) On October 23, the Court found that Petitioner had failed to enter objections to the R&R and ordered that 1) the R&R was adopted, 2) an evidentiary hearing was denied, and 3) the case was dismissed. (Dkt. No. 79.) On October 24, Petitioner filed objections to the Magistrate Judge's R&R. (Dkt. No. 81.)

Petitioner has raised ten objections to the R&R:

1. The R&R did not sufficiently address the issue of exhaustion of Claim One. (Dkt. No. 82 at 16.)
2. The R&R incorrectly decided the merits of Claim One. (<u>Id.</u> at 23.)
3. The R&R incorrectly found that Petitioner did not fairly present Claims Two through Four to the state court. (<u>Id.</u> at 23.)
4. The R&R incorrectly found that Claims Two through Four are procedurally defaulted. (<u>Id.</u> at 27.)
5. The R&R's reliance on RCW 10.73.090 for the basis of procedural default is incorrect. (<u>Id.</u> at 28.)
6. The R&R incorrectly concluded that Claims Two through Four were not exhausted or not excused from exhaustion. (<u>Id.</u> at 30.)
7. The R&R did not sufficiently address the merits of Claims Two through Four. (<u>Id.</u> at 30.)

8. The R&R did not sufficiently state why no evidentiary hearing was necessary for judgment.  (Id. at 33.)

9. Claims Two through Four are a substantial showing of a denial of a constitutional right. (Id. at 33.)

10. The R&R erroneously decided Claims Five through Eight.  (Id. at 33.)

In addition to his objections, Petitioner has asked the Court to amend its prior judgment on four grounds: (1) that Petitioner's objections to the Magistrate Judge's R&R were timely; (2) that this Court's order stating that Petitioner failed to file objections and adopting the Magistrate Judge's R&R was a violation of Petitioner's due process rights; (3) that Claims Two through Six were not exhausted; and (4) that the R&R violated FRCP 52(b) because it lacked the required merit findings regarding habeas Claims Two through Four.  (Dkt. No. 82 at 3.)

**Discussion/Analysis**

**I.      Applicable Law**

      A.      FRCP 59(e)

FRCP 59(e) provides that a party may move to have a court amend its judgment within twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly."  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).  In general, a Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence; (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  A court considering a Rule 59(e) motion is not limited to these four grounds, and may amend under unusual circumstances outside the listed grounds where appropriate.  Id.

1    Grounds one and three are relevant in this case.  Manifest error is, effectively, clear error.

2    *See* Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks and citation

3    omitted) ("A Rule 59(e) motion may be granted if . . . the district court committed clear error or

4    made an initial decision that was manifestly unjust[.]").  Thus the same standard of "clear error"

5    governs either Petitioner's Ground One or Ground Three for an amended judgment.

6

7

8    B.    Timeliness of a Motion Filed by a Pro Se Prisoner

9    Courts must not extend the time to act (twenty-eight days) under FRCP 59.  (FRCP

10   6(b)(2).)  However, the Supreme Court has held that a pro se prisoner timely files when the

11   prisoner delivers the notice of appeal to the prison authorities for forwarding to the court clerk

12   within the time period to file the notice.  Houston v. Lack, 487 U.S. 266, 275–276 (1988) (the

13   date the pro se petitioner deposited his or her appeal with the prison authorities for mailing to the

14   district court was date the Supreme Court relied on because "reference to prison mail logs will

15   generally be a straightforward inquiry.").

16   C.    Objections to an R&R

17

18   Under FRCP 72, the district judge must resolve de novo any part of the Magistrate

19   Judge's R&R that has been properly objected to and may accept, reject, or modify the

20   recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

21

22   **II.    Analysis**
      A.    Timeliness of Petitioner's FRCP 59(e) motion

23   Although Petitioner filed his motion to amend judgment on November 24, Petitioner's

24   motion was timely.  The last day that Petitioner could file the motion was November 20, but

under the <u>pro se</u> prisoner mailbox rule, the motion is considered filed when it is in the hands of prison officials and entered in the prison mail logbook. <u>Houston</u>, 487 U.S. at 275–76. Petitioner has attached a sworn affidavit that his motion was given to prison authorities to mail on November 19, and included a prison mail log number. (Dkt. No. 82 at 13.) Respondent has not contested this allegation. Under the <u>pro se</u> prisoner mailbox rule, Petitioner timely filed the motion.

       B.   <u>Timeliness of Petitioner's Objections to the R&R</u>

       Although Petitioner's last day to file the objections was November 20, Petitioner filed timely under the <u>pro se</u> prisoner mailbox rule. <u>Houston</u>, 487 U.S. at 275–76. The Court granted Petitioner's motion for extension of time on September 29, ordering that Petitioner file his objections to the R&R within 21 days of the order. (Dkt. No. 77.) Petitioner has attached a sworn affidavit that his objections were given to prison authorities to mail on October 20, and included a prison mail log number. (Dkt. No. 82 at 34.) Respondent has not contested this allegation. Under the <u>pro se</u> prisoner mailbox rule, Petitioner entered his objections timely.

       C.  <u>Petitioner's Objections to the R&R</u>

       Because Petitioner's objections to the R&R were timely, the Court must resolve de novo any part of the R&R to which he has properly objected. FRCP 72(b)(3). After examining Petitioner's objections, the Court concludes that none of Petitioner's objections merit amending the judgment under the grounds annunciated in <u>Allstate Ins. Co. v. Herron</u>. *See* 634 F.3d at 1111.

       Petitioner's first and second objections can be addressed together, as they both concern Claim One, which alleges that the state court proceedings violated Petitioner's Fourteenth Amendment right to equal protection of the laws. (Dkt. No. 73 at 11.) Petitioner's first objection is that the R&R did not address the issue of exhaustion of Claim One. (Dkt. No. 82 at

16.)  Petitioner's second objection is that the R&R incorrectly concluded that Claim One has no

merit. (Dkt. No. 82 at 23).  However, the first objection fails because an application for a writ of

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to

exhaust the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(2).  As to

Petitioner's second objection, the lengthy analysis of the merits of the Claim in the first R&R

correctly found that the state court appeal process did not violate his Fourteenth Amendment

right to equal protection of the laws, and the Court adopts and affirms that analysis. (Dkt. No. 73

at 21).

Petitioner's third objection is that the Magistrate Judge incorrectly found that Claims

Two through Four were not fairly presented in state court.  (Dkt. No. 82 at 24)  In the objection,

Petitioner states that a pending motion in state court presents the Claims and lists several

occasions when he previously presented the claims. (Dkt. No. 82 at 24–27.)  But "fairly

presented" means that a prisoner must present his claims to the appropriate state court for review,

Baldwin v. Reese, 541 U.S. 27, 29 (2004), and must alert the state court to the fact that he was

asserting a claim under the United States Constitution.  Hiivala v. Wood, 195 F.3d 1098, 1106

(9th Cir. 1999) (internal quotations omitted).  Petitioner did not fairly present any claims to the

state courts for their consideration on direct appeal (his appeal was dismissed given his failure to file

an opening brief, and there is no renewed motion) (Dkt. No. 73 at 13–14),  nor did he present

Claims Two through Six to the Washington Supreme Court in a post-conviction collateral challenge.

(Dkt. No. 72 at 10.)  There was no error in finding these Claims were not fairly presented.

Petitioner's fourth objection is that the Magistrate Judge erroneously found Claims Two

through Four are procedurally defaulted.  (Dkt. No. 82 at 27.)  Petitioner relies on Coleman v.

Thompson, 501 U.S. 722 (1991), stating that because his motion is still pending in state court,

Claims Two through Four were fairly presented, have not defaulted, and should not be dismissed

1  on procedural grounds.  (Dkt. No. 82 at 28.)  Plaintiff's argument is without merit.  Petitioner

2  does not have a pending motion in state court because the appeal was dismissed and he did not

3  present Claims Two through Four to the Washington Supreme Court in a post-conviction collateral

4  challenge.  (Dkt. No. 73 at 14.)

5      Petitioner's fifth objection is that the Magistrate Judge erroneously relied on RCW

6  10.73.090 as a basis for procedural default.  (Dkt. No. 82 at 28.)  Petitioner relies on Coolin v.

7  U.S., 324 U.S. 229, 231 (1995), arguing that because his motion is still pending in state court,

8  there is no final judgment.  (Dkt. No. 82 at 29.)  As previously explained, there is no pending

9  motion in state court and there is a final judgment, so RCW 10.73.090 is the correct statute.

10  (Dkt. No. 73 at 14.)

11     Petitioner's sixth objection is that the Magistrate Judge erroneously concluded that

12  Claims Two through Four are not exhausted.  (Dkt. No. 82 at 30.)  But under Coleman v.

13  Thompson, 501 U.S. 722, 735 n. 1 (1991), the failure to exhaust these claims is irrelevant

14  because they are procedurally barred, so they are technically exhausted and considered exhausted

15  for the purposes of a habeas petition.  (Dkt. No. 73 at 14.)

16     Petitioner's seventh objection is that the Magistrate Judge erroneously concluded that she

17  did not need to address the merits of Claims Two through Four.  (Dkt. No. 82 at 30.)  But a

18  federal court need not address the merits of claims that are procedurally barred and defaulted.  28

19  U.S.C. § 2254(b)(1)(A).

20     Petitioner's eighth objection is that the Magistrate Judge did not set forth why an

21  evidentiary hearing was not necessary to decide the Claims.  (Dkt. No. 82 at 33.)  The Court

22  affirms the Magistrate Judge's finding that an evidentiary hearing is not required because the record

23  conclusively shows that Petitioner is not entitled to relief.  (Dkt. No. 73 at 35.)  This is a sufficient

24  rationale.

1    Petitioner's ninth objection is that the Magistrate Judge did not enter findings explaining

2    why Claims Two through Four fail to make a substantial showing of the denial of a constitutional

3    right. (Dkt. No. 82 at 33.)  The Magistrate Judge concluded that Petitioner has not made a

4    substantial showing of the denial of a constitutional right after an extensive analysis of why Claims

5    Two through Four are procedurally barred, technically exhausted, and considered exhausted for

6    the purposes of a habeas petition. (Dkt. No. 73 at 14, 35.)  Entering the findings Petitioner

7    requests was therefore unnecessary.  Petitioner cites to no statutes or case law to support his

8    objection, and the Court concludes that the objection is meritless.

9    Petitioner's tenth objection "for purposes of preserving appellate review" is that the

10   Magistrate Judge erroneously concluded Claims Five through Eight were without merit. (Dkt.

11   No. 82 at 33.)  But Petitioner simply disagrees with the Magistrate Judge's interpretation of the

12   evidence, and fails to provide any grounds to reject the Magistrate Judge's decision.  Claims Five

13   and Six[1] are meritless because Petitioner was not forced into his decision to proceed pro se prior

14   to trial. (Dkt. No. 73 at 25–31).  Claim Seven is meritless because Petitioner did not demonstrate

15   that the state court adjudication of his claim as to the deprivation of counsel on appeal was an

16   unreasonable application of clearly established federal law. (Dkt. No. 73 at 31–34).  Claim Eight

17   is meritless because the state court appeal process did not violate Petitioner's Fourteenth

18   Amendment right to due process of the laws. (Dkt. No. 73 at 21.)   Petitioner's objection to the

19   R&R fails to establish any error on the part of the Magistrate Judge, and the Court will affirm

20   and adopt the R&R.

21   D.    FRCP 59(e) analysis

22   _____

23       [1] The Magistrate Judge only examined the merits of Claims Five and Six as they were instructive in
     relation to Petitioner's Seventh claim; Claims Five and Six are in fact procedurally barred under state law and
24   technically exhausted. (Dkt. No. 73 at 25.)

1    Petitioner asked the Court to amend its prior judgment because (1) his objections to the

2    R&R were timely; (2) not considering the objections was a violation of Petitioner's due process

3    rights; (3) Claims Two through Six were not exhausted and Petitioner should have been allowed

4    to remedy his mixed petition to avoid dismissal; and (4) the R&R lacked the required merit

5    findings to address habeas Claims Two through Four.  (Dkt. No. 82 at 3.)  Petitioner's claims are

6    meritless—there was not clear error sufficient to amend the judgment per Allstate Ins. Co. v.

7    Herron.  *See* 634 F.3d at 1111.

8    While there was an error of law in regards to the timeliness of the objections to the R&R

9    (as explained above), Petitioner's objections to the R&R were, upon reconsideration, admitted

10   and filed.  Thus Petitioner's first and second reasons to amend the judgment are moot.  (Dkt. No.

11   82 at 3.)

12   Petitioner's third rationale for amendment is also insufficient.  (Dkt. No. 82 at 11.)  The

13   Magistrate Judge adequately addressed the issue of a mixed petition by determining that Claims

14   Two through Four were procedurally defaulted and technically exhausted, so Petitioner was not

15   entitled to an opportunity to remedy the petition to avoid dismissal.  The Magistrate Judge

16   correctly found that because Petitioner's judgment became final in 2009 and Petitioner

17   previously filed collateral challenges to his conviction, he is now procedurally barred from

18   presenting Claims Two through Six in state court, therefore the claims are technically exhausted.

19   (Dkt. No. 73 at 14–16.)  The Magistrate Judge is also correct that Petitioner did not demonstrate

20   sufficient cause, prejudice or a fundamental miscarriage of justice necessary to except his case

21   from procedural default.  (Dkt. No. 73 at 16-18.)

22   Petitioner's final reason to amend judgment is likewise unpersuasive.  He contends that

23   the R&R violated FRCP 52(b) because it lacked the required merit findings on habeas Claims

24

1  Two through Four.  (Dkt. No. 82 at 12.)  The Magistrate Judge determined that because these

2  claims are procedurally barred in state court with a lack of sufficient cause to exempt them from

3  default, an examination of the merits is not necessary.  (Dkt. No. 73 at 25, citing 28 U.S.C. §

4  2254(b)(1)(A).)  There was no clear error in the decision to adopt the R&R's determination, so

5  an amended judgment is not appropriate.

6       Finally, there are no unusual circumstances outside the listed grounds sufficient to

7  amend.  Allstate Ins. Co., 634 F.3d at 1111.

8  **Conclusion**

9       Petitioner's objections and motion to amend judgment were timely filed.  However,

10  Petitioner has failed to demonstrate there was clear error or an unusual circumstance sufficient to

11  amend judgment and his motion to amend judgment is DENIED.  The Court ADOPTS the

12  Report and Recommendation, DENIES Petitioner's amended habeas petition and DISMISSES

13  his matter.

14       Finding that Petitioner has not made "a substantial showing of the denial of a

15  constitutional right[]" (28 U.S.C. § 2253(c)(2)), the Court further concludes that Petitioner is not

16  entitled to a certificate of appealability.

17

18       The clerk is ordered to provide copies of this order to all counsel.

19       Dated this 3rd day of April, 2015.

20

21

22       _____
         Marsha J. Pechman

23       United States District Judge

24

ORDER ON OBJECTIONS TO REPORT AND
RECOMMENDATION- 10